J-S05003-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

COMMONWEALTH OF PENNSYLVANIA,    :   IN THE SUPERIOR COURT OF
           :        PENNSYLVANIA
          Appellee    :
           :
           v.          :
           :
HOBART LEE WHITT,          :
           :
          Appellant    :   No. 1234 WDA 2013

Appeal from the PCRA Order June 18, 2013,
Court of Common Pleas, Allegheny County,
Criminal Division at No. CP-02-CR-0012268-1993

BEFORE: DONOHUE, SHOGAN and STABILE, JJ.

MEMORANDUM BY DONOHUE, J.:          **FILED MARCH 03, 2015**

Appellant, Hobart Lee Whitt ("Whitt"), appeals the order entered on June 18, 2013 in the Allegheny County Court of Common Pleas, dismissing his second petition for relief pursuant to the Post-Conviction Relief Act ("PCRA").[1] For the reasons set forth herein, we affirm the PCRA court's order.

A brief summary of the relevant facts and procedural history is as follows. On April 21, 1994, a jury found Whitt guilty of one count of rape. On June 1, 1994, the trial court sentenced Whitt to six to fifteen years of incarceration. Whitt filed a timely appeal on June 23, 1994. After a panel of this Court affirmed the trial court's judgment of sentence on July 19, 1995, Whitt filed a petition for allowance of appeal to our Supreme Court, which

---

[1] 42 Pa.C.S.A. §§ 9541-46.

the court denied on December 19, 1995. On July 23, 1996, Whitt timely filed his first PCRA petition, which the PCRA court ultimately dismissed on April 20, 2000. Whitt did not seek an appeal.

On June 18, 2012, Whitt filed the instant PCRA petition, claiming ineffective assistance of counsel, insufficiency of evidence, and that the trial court imposed an illegal sentence. On June 29, 2012, the PCRA court appointed Scott Coffey ("Attorney Coffey") to represent Whitt. After reviewing Whitt's petition, Attorney Coffey determined that the petition was time barred and that no meritorious issues existed. Attorney Coffey thereafter filed a motion to withdraw as PCRA counsel on October 2, 2012. The PCRA court granted Attorney Coffey's petition to withdraw on December 18, 2012.

On June 18, 2013, the PCRA court dismissed Whitt's PCRA petition. Whitt timely filed an appeal to this Court on July 12, 2013.[2] On appeal, Whitt raises the following issues for our review:

> 1. Was there relevancy of time-bar offered by courts when record of negligence and obstruction by government officials exists through omissions/lost filings of petitions, motions, statements[?]
>
> 2. Did [the] court err to protect the witness stand from false testimony offered by commonwealth witness[?]

---

[2] Whitt filed a duplicate notice of appeal on July 15, 2013 and an Amended Proof of Service pursuant to Rule 906 of the Pennsylvania Rules of Appellate Procedure on July 24, 2013. Pa.R.A.P. 906.

> 3. Was trial counsel ineffective by denying [Whitt] proper representation through failure to interview and/or investigation of witnesses for defense, failure to challenge weight and sufficiency of evidence, failing to keep [Whitt] apprised of all case particulars[?]

Whitt's Brief at 5.

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's findings of fact, and whether the PCRA court's determination is free of legal error. **Commonwealth v. Phillips**, 31 A.3d 317, 319 (Pa. Super. 2011) (citing **Commonwealth v. Berry**, 877 A.2d 479, 482 (Pa. Super. 2005), *appeal denied*, 42 A.3d 1059 (Pa. 2012)). A PCRA petitioner must establish the claim by a preponderance of the evidence. **Commonwealth v. Gibson**, 925 A.2d 167, 169 (Pa. 2007).

In this case, the PCRA court dismissed Whitt's petition without a hearing after receiving and reviewing Attorney Coffey's "no-merit" letter and petition to withdraw as counsel pursuant to **Pennsylvania v. Finley**, 481 U.S. 551 (1987) and **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988). **See** Order of Court, 6/18/12. In its opinion filed pursuant to Pa.R.A.P. 1925(a), the PCRA court determined that Whitt's PCRA petition was untimely and that no cognizable exception existed to overcome its untimeliness. PCRA Court Opinion, 7/9/14, at 4.

Before reaching the merits of a petitioner's claim, section 9545 of the PCRA requires that "[a]ny petition under this subchapter, including a second

or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1). A judgment becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

This Court has held that the timeliness requirement of the PCRA is "mandatory and jurisdictional in nature." *Commonwealth v. McKeever*, 947 A.2d 782, 784-85 (Pa. Super. 2008) (citing *Commonwealth v. Davis*, 916 A.2d 1206, 1208 (Pa. Super. 2007)). Therefore, "no court may properly disregard or alter them in order to reach the merits of the claims raised in a PCRA petition that is filed in an untimely manner." *Id*.

In this case, Whitt's judgment became final on March 19, 1996, ninety days after our Supreme Court denied his petition for allowance of appeal. *See Commonwealth v. Feliciano*, 69 A.3d 1270, 1275 (Pa. Super. 2013) ("under the PCRA, petitioner's judgment of sentence becomes final ninety days after our Supreme Court rejects his or her petition for allowance of appeal since petitioner had ninety additional days to seek review with the United States Supreme Court."). Thus, under the timeliness requirement of the PCRA, Whitt's petition must have been filed by March 19, 1997. Whitt did not file the instant petition, however, until June 18, 2012, more than

fifteen years after his judgment became final. As a result, Whitt's petition is facially untimely.

Nevertheless, although the timeliness requirement is mandatory and jurisdictional, "an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), is met." *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013). The three exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id*. at n.1 (citing 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii)). The petition invoking an exception "shall be filed within 60 days of the date the claim could have been presented." *Commonwealth v. Davis*, 86 A.3d 883, 888 (Pa. Super. 2014) (citing 42 Pa.C.S.A. § 9545(b)(2)).

In this case, Whitt attempts to invoke two of the exceptions to the timeliness requirement. First, Whitt argues that "government official

- 5 -

obstruction has so harmed [Whitt] that he has no idea of the time calculations which regard his appeal being filed on time."  Whitt's Brief at 9.  Thus, Whitt asserts that the government interference exception under 42 Pa.C.S.A. § 9545(b)(1)(i) applies in this case.

In support of his assertion, Whitt argues that trial counsel and Attorney Coffey failed to perform their required duties and abandoned him.  Attorney abandonment does not constitute government interference, however, as the PCRA provides that "'government officials' shall not include defense counsel, whether appointed or retained." 42 Pa.C.S.A. § 9545(b)(4).  Whitt fails to name any government officials or provide any argument as to how government officials obstructed his ability to timely file a petition.  Accordingly, Whitt fails to establish that the government interference exception applies to the case herein.

Second, Whitt argues that the after-discovered evidence exception under 42 Pa.C.S.A. § 9545(b)(1)(ii) applies in this case.  Whitt asserts that Attorney Coffey's abandonment and failure to file an appellate brief constitutes a "newly discovered fact for purposes of a timeliness exception."  Whitt's Brief at 9.  In support of his claim, Whitt cites to **Commonwealth v. Bennett**, 930 A.2d 1264 (Pa. 2007) for the proposition that abandonment by counsel can be a newly discovered fact for purposes of a timeliness exception.  Whitt's Brief at 9.

In **Bennett**, the PCRA court appointed counsel to the appellant, Bennett, after he filed a timely *pro se* PCRA petition. **Id.** at 1266. After appointed counsel failed to file an appellate brief, this Court dismissed Bennett's appeal. **Id.** Our Supreme Court determined that counsel's failure to file an appellate brief and perfect the appeal, which resulted in this Court's dismissal of the appeal, constituted abandonment as it was "the functional equivalent of having no counsel at all." **Id.** at 1273. Our Supreme Court further concluded that counsel's abandonment could serve as a newly discovered fact, as

> allowing such claims to go forward would not eviscerate the time requirements crafted by the Legislature [in the PCRA]. Rather, subsection (b)(1)(ii) is a limited extension of the one-year time requirement under circumstances when a petitioner has not had the review to which he was entitled due to a circumstance that was beyond his control.

**Id.**

In this case, the record does not support Whitt's assertion that Attorney Coffey abandoned him and failed to file an appellate brief, such that Attorney Coffey's representation amounted to "the functional equivalent of having no counsel at all." **See Id.** To the contrary, the record reflects that Attorney Coffey appropriately filed a **Turner/Finley** letter and a motion to withdraw as counsel in lieu of an appellate brief.

Whitt also contends that evidence consisting of "at least one (1) independent witness who had been in the company of the victim when she

confessed to perjury at [Whitt's] trial[,]" proves that he is innocent, and qualifies as newly discovered evidence. Whitt's Brief at 11. Whitt claims that he did not discover the evidence until after litigation of his prior PCRA petition and could not previously discover the evidence because trial and appellate counsel abandoned him. *Id.* at 12.

This Court has established that

> [i]n order to sustain an untimely PCRA petition under the after-discovered evidence exception, a petitioner must show that the evidence: (1) has been discovered after the trial and could not have been obtained prior to the conclusion of the trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely for impeachment purposes; and (4) is of such a nature and character that a different verdict will likely result if a new trial is granted.

*Commonwealth v. Johnson*, 841 A.2d 136, 140-41 (Pa. Super. 2003).

Attorney Coffey, in his *Turner/Finley* letter, determined that the evidence provided by the newly discovered witness "would simply be solely used to impeach the victim's testimony." Attorney Coffey's Motion to Withdraw as Counsel, 10/2/12, at 4 (*Turner/Finley* No-Merit Letter); *See also* PCRA Court Opinion, 7/9/14, at 5. In his appellate brief, Whitt does not offer any argument to support a contrary determination, and our review of the certified record on appeal has not disclosed any basis for a contrary determination. As a result, Whitt failed to satisfy the four factors established

in ***Johnson*** and consequently fails to establish that the newly discovered evidence exception applies.

Finally, we note that Whitt advances several arguments that trial counsel and appellate counsel provided ineffective assistance of counsel, including a claim that counsel failed to investigate witnesses, such as the aforementioned witness, and evidence that exonerate him. ***See*** Whitt's Brief at 11-13. This Court has held, however, that "allegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA." ***Commonwealth v. Pollard***, 911 A.2d 1005, 1007 (Pa. Super. 2006) (quoting ***Commonwealth v. Wharton***, 886 A.2d 1120, 1127 (Pa. 2005)). Accordingly, we conclude that Whitt's ineffective assistance of counsel arguments do not invoke one of the timeliness exceptions to the PCRA.

Whitt's failure to prove that at least one of the three timeliness exceptions in section 9545 applies to his PCRA petition renders his petition untimely and therefore, the petition must be dismissed. Accordingly, we conclude that the PCRA court did not err when it dismissed Whitt's petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/3/2015